UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**FILED**
JUL 3 1 2012
DAVID CREWS, CLERK
By_____
Deputy

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 2:10CR160

MICHAEL ALLEN

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the Second Superseding Indictment. Count One charges conspiracy to distribute and possess with intent to distribute a Schedule II controlled substance, to wit: 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride (powder cocaine), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846, which carries maximum possible penalties of not less than 10 years and nor more than life imprisonment - 21 U.S.C. 841(b)(1)(A); not more than $10,000,000 fine, or both - 21 U.S.C. 841(b)(1)(A); supervised release for at least 5 years - 21 U.S.C. 841(b)(1)(A); ineligibility for federal benefits up to 5 years after conviction - 21 U.S.C. 862(a); $100 special assessment - 18 U.S.C. 3013(a)(2)(A).

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge and agrees to dismiss the original

Indictment, Superseding Indictment and the Second Superseding Indictment upon sentencing as to Counts One of the Second Superseding Indictment.

3. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

4. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

5. ACKNOWLEDGMENTS: No Other Agreements; Defendant Is in Fact Guilty. Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the _27th_ day of _July_, 2012.

*for* William C. [Lamar], FAUSA
FELICIA C. ADAMS
United States Attorney

AGREED AND CONSENTED TO:

_____
MICHAEL ALLEN

APPROVED:

_____
JUSTIN CLUCK
Attorney for Defendant
Mississippi Bar No. 10-733