IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                    CRIMINAL ACTION NO.: 2:10CR160-SA

MICHAEL LADELL ALLEN                                                      DEFENDANT

## ORDER AND MEMORANDUM OPINION

Defendant Michael Ladell Allen asks the Court to recalculate his sentence based on Amendment 794 to United States Sentencing Guideline § 3B1.2, which he contends should be retroactively applied. The Government has responded and asserts that Defendant Allen is not eligible for application of the "minor participant" reduction.

Defendant Allen was indicted with seventeen other defendants in a drug conspiracy case. He pled guilty in July of 2012 and was sentenced in March of 2013 to 300 months. He appealed that sentence, and his appeal was subsequently denied by the Fifth Circuit. He later moved for a reduction in sentence based on Sentencing Guideline Amendment 782, which was granted.

He now contends he is eligible for another reduction pursuant to Sentencing Guideline Amendment 794. That Amendment provides a two-level decrease to the defendant's applicable offense level if the defendant played a "minor" role in the criminal activity or a four-level decrease if the defendant's role was "minimal." At the time of Allen's sentencing, the commentary to § 3B1.2 described the mitigating-role adjustment as applying to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G § 3B1.2 cmt. n.3 (2013). The commentary also described a "minimal participant" as one who is the least culpable and may lack "knowledge or understanding of the scope and structure of the enterprise and of the activities of others," while the "minor participant" is one who is less culpable than most other participants "but whose role

could not be described as minimal." U.S.S.G. § 3B1.2, cmt. nn.4, 5 (2013). Further, the commentary noted that "[a] defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline." *Id*. at n.3. The district court's decision regarding whether to apply the reduction is "heavily dependent upon the facts of the particular case." *Id.* at n.3(C).

Amendment 794, which became effective on November 1, 2015, revised the commentary to § 3B1.2 but not the language of the actual Guidelines provision. *See* U.S.S.G. app. C supp., amend. 794. The amendment made several revisions, including adding a "non-exhaustive list of factors" that the court should consider in determining whether to apply the adjustment. *Id*. Those factors include:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

U.S.S.G. § 3B1.2, cmt. n.3(C).

The Commission added the following language at the end of Note 3(C):

> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

*Id.*

The court may consider amendments to the Guidelines that were "not effective at the time of the commission of the offense or at the time of sentencing" if they are "intended only to clarify, rather than effect substantive changes." *United States v. Anderson*, 5 F.3d 795, 802 (5th Cir. 1993); *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). Substantive amendments, quite simply, do not apply retroactively. *See United States v. Solis*, 675 F.3d 795, 797 (5th Cir. 2012) ("Under the sentencing guidelines, courts are required to consider subsequent amendments 'to the extent that such amendments are clarifying rather than substantive changes.'" (quoting U.S.S.G. § 1B1.11(b)(2))); *Anderson*, 5 F.3d at 802 ("Amendments to the guidelines and their commentary intended only to clarify, rather than effect substantive changes, may be considered even if not effective at the time of the commission of the offense or at the time of sentencing." (citing U.S.S.G. § 1B1.11(b)(2))). The Fifth Circuit has on a previous occasion determined that Amendment 794 is clarifying and can be retroactively applied. *United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017).

However, even if an amendment is clarifying, the Court cannot consider it in the context of a collateral attack on a sentence if that amendment is not listed in Section 1B1.10(d). *See United States v. Carreon-Palacio*, 73 F. App'x 67, 68 (5th Cir. 2003) (per curiam) ("While we will consider the effect of 'clarifying' amendments on direct appeal, a different rule applies when the issue is raised on collateral attack pursuant to 18 U.S.C. § 3582(c)(2)"—*Drath*'s requirement that an amendment be listed in Section 1B1.10(d). (citation omitted)); *see also United States v.*

*Cruz*, No. 89 Cr. 346 (SWK), 1997 WL 115835, at *3 (S.D.N.Y. Mar. 11, 1997) ("[C]ourts have recognized the distinction between applying amendments retroactively on a direct appeal as opposed to a motion pursuant to Section 3582(c)(2). This distinction is essential because, unlike direct appeals, Section 3582(c)(2) motions are expressly limited by Guidelines Section 1B1.10, which, . . . precludes Section 3582(c)(2) motions based on amendments which are not expressly retroactive." (citations omitted)).

Even if the Court could consider the Amendment, it is inapplicable in Allen's case. Allen's Presentence Investigation Report assessed a two point enhancement for his role as an organizer, leader, manager or supervisor of the criminal activity. Allen objected to the inclusion of those points, and at sentencing, the Government put on three witnesses to detail Allen's role in the conspiracy. Allen did not object to the failure to include the minor role credit.

Two cooperating co-defendants testified that Allen was the "main guy" and that all narcotics and money that came through Mississippi first went through Michael Allen. Testimony revealed that in furtherance of the drug conspiracy, Allen directed up to six others and had ultimate authority on how much product his co-defendants would pick up from Texas to bring into Mississippi. The Special Agent testified that Michael Allen was in charge of North Mississippi as far as collecting the drug proceeds and for arranging shipments of cocaine and marijuana to go out to customers. The Court, in overruling his objection to the two point enhancement for being an organizer stated that it was "uncontradicted" that Allen was a manager or supervisor.

The Court never analyzed Allen's potential role as a "minor participant" because the evidence so supported his role as an organizer, manager, or supervisor. Moreover, Allen failed to

preserve that challenge by not objecting to its exclusion from the Presentence Report. Thus, the Amendment to the "minor participant" Guideline is inapplicable.

Accordingly, Allen's Motion to Reduce Sentence is DENIED.

SO ORDERED, this the 23rd day of April, 2018.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**